UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **LEVAR FIVE DAILY** ] | |
|     **Plaintiff,** ] | |
| ] | |
| v. ] | No. 1:11-0073 |
| ] | Judge Campbell |
| **GRUMPY'S BAIL BONDS, et al.** ] | |
|     **Defendants.** ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Marshall County Jail in Lewisburg, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Grumpy's Bail Bonds and its owner, Leah Hulan, seeking injunctive relief and damages.

The defendant, Grumpy's Bail Bonds, posted bond for the plaintiff while he was awaiting trial. When the plaintiff failed to appear for a pre-trial hearing, the bond was revoked. As a consequence, the defendants confiscated a motor vehicle belonging to the plaintiff. In addition, the defendants began to run media ads identifying the plaintiff and asking for help with his recapture.

The plaintiff claims that the defendants had no right to confiscate his motor vehicle. He also asserts that the defendants' media ads were slanderous.

To establish a claim for § 1983 relief, the plaintiff must

plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In this instance, the plaintiff entered into a contractual agreement with the defendants in order to obtain bail for his pre-trial release. When the plaintiff fled, the defendants acted according to the terms of their contract. The defendants were not acting under color of state law when they confiscated the plaintiff's property to pay for the bond that had been forfeited. Nor were they acting under color of state law when they ran media ads in an attempt to hasten his recapture. Thus, plaintiff's claims against these defendants are not actionable under § 1983. Hassink v. Mottl, 2002 WL 31181983 (6th Cir.(Ohio); 9/30/02)(bail bondsman not considered a state actor).

When a prisoner plaintiff proceeding in forma pauperis has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                        /s/ Todd Campbell  
                                                        Todd Campbell  
                                                        United States District Judge